**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rakesh Malhotra, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>Jackson National Life Insurance Company, the Successor-In-Interest to Reassure America Life Insurance Company, now or formerly known as Royal Maccabees Life Insurance Company,<br><br>Defendant. | No. CV-13-00897-PHX-DGC<br><br>**ORDER** |

In 1996, Plaintiff Rakesh Malhotra began receiving disability benefits under three disability income policies now owned by Defendant Jackson National Life Insurance Company. Doc. 13 at 1-2. Before Defendant acquired Reassure America Life Insurance Company ("Reassure America") in 2012, Reassure America advised Plaintiff that he no longer qualified for disability benefits under the policies. *Id.* at 2. In May 2013, Plaintiff brought suit against Defendant, as successor-in-interest to Reassure America, alleging breach of contract and bad faith. Doc. 1. Defendant failed to respond to the complaint, and Plaintiff moved for default, which was entered by the Clerk on June 24, 2013. Docs. 9, 10.

Defendant has filed a motion to set aside the default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Doc. 13. The motion is fully briefed. Docs. 21, 23. No party has requested oral argument. For reasons stated below, the Court will grant the motion.

A defendant's default may be set aside for "good cause" under Rule 55(c) of the Federal Rules of Civil Procedure. The relevant analysis considers three factors: whether the defendant engaged in culpable conduct that led to the default, whether it has a meritorious defense, and whether setting aside default would prejudice the plaintiff. *See Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). The defendant bears the burden of showing that at least one of these factors weighs in favor of setting aside the default. *See id.* at 926.

"'A defendant's conduct is culpable if [it] has received actual or constructive notice of the filing of the action and *intentionally* failed to answer.'" *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original) (citation omitted). The defendant "must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.'" *United States v. Signed Personal Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1092 (9th Cir. 2010) (quoting *TCI Grp.*, 244 F.3d at 697). Defendant has shown that its failure to timely answer the complaint was due to an administrative error by in-house legal counsel. Doc. 13-1 at 7-9. Further, as soon as Defendant's outside counsel discovered the entry of default, it took prompt action to remedy the error. *Id.* at 8. The Court finds that Defendant made a good faith mistake in failing to answer, and that its initial failure to answer is not culpable. Nothing about Defendant's conduct "suggests the bad faith necessary to find that [it] intentionally failed to answer[.]" *Mesle*, 615 F.3d at 1093.

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" *Id.* at 1092. A defendant's burden is "minimal." *Id.* The Court finds that Defendant has met this minimal burden. Defendant asserts that Plaintiff's medical records, as well as other evidence, show that he no longer qualifies for disability benefits under the disability insurance policies. Doc. 13 at 4. Specifically, Defendant asserts that Plaintiff's condition "has improved to the point

1 where he no longer has any occupational restrictions or limitations." Doc. 13-1 at 2-5. In
2 short, Defendant has asserted defenses that may be meritorious.

3 "To be prejudicial, the setting aside of a judgment must result in greater harm than
4 simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701. "The standard is
5 whether [Plaintiff's] ability to pursue his claim will be hindered." *Id.* (citations omitted).
6 Plaintiff asserts various ways that he will be prejudiced by setting aside the default.
7 Doc. 20 at 6-7. Among them, Plaintiff claims that those involved in the corporate
8 acquisition of Reassure America will have "faded memories" relating to the merger. *Id.*
9 at 6. Additionally, Plaintiff argues that there is a heightened possibility of relevant
10 evidence being discarded relating to the merger. Finally, Plaintiff claims that Reassure
11 America was motivated to deny benefits to policy holders, such as Plaintiff, in order to
12 make its company more attractive to potential buyers. Doc. 20 at 7. The Court is not
13 persuaded that a potential lack of information relating to the corporate merger affects
14 Plaintiff's ability to prove his eligibility for disability benefits. Further, there is no
15 evidence showing that the delay will result in tangible harm to Plaintiff, "such as loss of
16 evidence, increased difficulties in discovery, or greater opportunity for fraud or
17 collusion." *TCI Grp.*, 244 F.3d at 701 (citation omitted). The Court finds that Plaintiff's
18 ability to pursue his claim will not be prejudiced by setting aside the default and deciding
19 the case on the merits.

20 **IT IS ORDERED** that the motion to set aside entry of default pursuant to Rule
21 55(c) filed by Defendant Jackson National Life Insurance Company, the Successor-In-
22 Interest to Reassure America Life Insurance Company (Doc. 13), is **granted**.

23 Dated this 10th day of September, 2013.

_____
David G. Campbell
United States District Judge